IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAWRENCE V. WILDER, )
)
Petitioner, )
)
v. ) 1:16CV188
)
FRANK PERRY, )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a former federal prisoner, submitted a Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody in which he challenges a conviction from the State of North Carolina. Rule 4, Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). For the following reasons, this Petition should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a) the federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody." The custody

requirement of § 2254 is not met when the prisoner is challenging an expired state sentence, even if the expired sentence has enhanced a current sentence. See Maleng v. Cook, 490 U.S. 488, 492 (1989). If a petitioner is not in custody on the challenged conviction, the Court lacks subject matter jurisdiction in the case. Id. at 494. In this case, Petitioner seeks to attack a manufacturing marijuana conviction he obtained in the Guilford County Superior Court on July 7, 1985. (Docket Entry 1, §§ 1, 2.) He reports that he received no prison sentence and that he received a pardon for the crime in 1989. (Id., § 3, 5.) Based on Petitioner's representations, it appears that he was never actually in custody for the conviction he challenges and that to any extent he was, he already received a pardon. He claims in attachments to his Petition that the challenged state conviction was used to enhance a recent federal sentence in the Eastern District of North Carolina. However, as set out above, this does not support a finding of custody even if true. Based on the foregoing, the Court finds that Petitioner is not in custody for the challenged conviction and that it lacks jurisdiction over this Petition because Petitioner does not satisfy the custody requirement.

*In forma pauperis* status will be granted for the sole purpose of entering this order and recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this order and recommendation.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* pursuant to Rule 4, Rules Governing Section 2254 Cases.

This, the 21st day of March, 2016.

　　　　　　　　　　　　　　　　　　／s／ Joe L. Webster
　　　　　　　　　　　　　　　　　　Joe L. Webster
　　　　　　　　　　　　　　　　　　United States Magistrate Judge